**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSA ISELA RIVERA,<br><br>    Plaintiff,<br><br>v.<br><br>LELAND DUDEK,<br>Acting Commissioner of Social Security,[1]<br><br>    Defendant. | Case No. 1:23-cv-0900 JLT BAM<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S REQUEST TO AFFIRM; AND DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT LELAND DUDEK, ACTING COMMISSIONER OF SOCIAL SECURITY, AND AGAINST PLAINTIFF ROSA ISELA RIVERA<br><br>(Docs. 20, 24, 26) |

Rosa Isela Rivera initiated this action seeking judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income under Title XVI of the Social Security Act. Plaintiff contends the mental residual functional capacity identified by the administrative law judge "is not supported by substantial evidence of record," and the ALJ had a duty to develop the record related to her mental impairments. (Doc. 20 at 2, 8 [emphasis omitted]; *id.* at 9.) In addition, she contends the ALJ failed to identify "clear and convincing reasons" to reject her subjective statements concerning her "psychiatric

---

[1] Leland Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Leland Dudek as the defendant in this suit.

1

symptomology." (*Id.* at 14.)

The assigned magistrate judge determined that "[t]o the extent Plaintiff challenges the record as incomplete, this issue is not properly preserved for appeal." (Doc. 26 at 6.) The magistrate judge also found "no indication that the record was ambiguous or inadequate to allow for proper evaluation." (*Id.* at 7.) Furthermore, the magistrate judge rejected Plaintiff's argument that the ALJ performed "a lay review of raw medical evidence" to determine the RFC, finding the ALJ did not interpret "raw data" but instead considered medical opinions, treatment notes, and Plaintiff's subjective statements. (*Id.* at 8) (quotation marks, citation omitted); *see also id.* at 8-11.) Finally, the magistrate judge determined "the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective complaints." (*Id.* at 11; *see also id.* at 11-13.) The magistrate judge concluded that "the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards." (*Id.* at 14.) Thus, the magistrate judge recommended the Court deny Plaintiff's motion for summary judgment, affirm the administrative decision, and enter judgment in favor of the Commissioner. (*Id.*)

Plaintiff filed an "opposition" to the Findings and Recommendations, asserting the Court should reject the findings of the magistrate judge. (Doc. 27.) In general, Plaintiff restates arguments—and identifies medical evidence—raised in the motion for summary judgment. (*Compare* Doc. 20 *with* Doc. 27.) Because the Court reviewed the arguments and evidence identified, Plaintiff's objections are unavailing.

As the magistrate judge observed, the Ninth Circuit determined that "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Toward this end, district courts have repeatedly determined that when counsel represents a claimant at the hearing and indicates the record is "complete," the claimant waived any challenge that the ALJ erred by not developing the record. *See, e.g., Gonzalez v. Kijakazi,* 2023 WL 6164086, at *5 (E.D. Cal. Sept. 21, 2023) ("because counsel stated that the record was complete, the issue is not properly preserved for appeal"); *Findley v. Saul,* 2019 WL 4072364 at *6 (E.D. Cal. Aug. 28, 2019 ("the ALJ was not obligated to further develop the record" where counsel

1   indicated the record was "indeed" complete at the hearing); *see also Shannon F. v. O'Malley*,
2   2024 WL 4213600, at *5 (S.D. Cal. Sept. 17, 2024) (by counsel "representing to the ALJ that the
3   record was complete, Plaintiff waived the issue for appeal and relieved the ALJ of any special
4   duty of diligence"); *Chavez v. Berryhill,* 2019 WL 4738235 at *10 (N.D. Cal. Sept. 27, 2019)
5   (where counsel stated "unequivocally" that "[t]he record is complete," the court found the
6   plaintiff waived her argument that "the Commissioner failed to develop the record").  It is
7   indisputable that Plaintiff was represented by counsel at the administrative hearing, and when the
8   ALJ inquired whether the record was complete, counsel responded: "Yes, I consider the record
9   complete."  (Doc. 12-2 at 38.)  Consequently, Plaintiff is now unable to claim the record was
10  incomplete or that the ALJ had a duty to develop it.

11  Plaintiff also fails to show the ALJ improperly interpreted "raw evidence" and "play[ed]
12  doctor" (Doc. 27 at 2-3) to determine her mental residual functional capacity.  The ALJ
13  considered medical opinions, treatment records, and Plaintiff's subjective statements to evaluate
14  Plaintiff's mental impairments and determine the RFC.  (*See* Doc. 12-2 at 23-29.)  Such evidence
15  is not "raw data" that falls beyond the scope of the ALJ's purview.  *See Mills v. Comm'r of Soc.*
16  *Sec.*, 2014 WL 4195012, at *4 (E.D. Cal. Aug. 22, 2014) (finding argument that the ALJ was
17  improperly attempted to "play doctor'" lacked merit where the ALJ "carefully analyzed the
18  various medical opinions, treatment records, and plaintiff's own testimony in formulating an
19  RFC"); *Ann M. v. Berryhill*, 2019 WL 1171160, at *6 (C.D. Cal. Mar. 12, 2019) ("Contrary to the
20  cases cited by Plaintiff, the records in this case provided the ALJ with ample support for his RFC,
21  which was based not on raw data but on treatment notes, which included Plaintiff's subjective
22  complaints, observations by physicians, and the treatment plans").

23  Finally, the ALJ identified "clear and convincing reasons" to support his decision to
24  discount Plaintiff's subjective statements.  The ALJ considered the objective medical record; the
25  effectiveness of treatment provided; noncompliance with treatment such as counseling, "despite
26  admitting that it was helpful"; and inconsistencies between Plaintiff's testimony and adult
27  function report.  (Doc. 12-2 at 25-27.)  These were all proper factors to evaluate Plaintiff's
28  subjective complaints.  *See, e.g., Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Thomas v.*

*Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

According to 28 U.S.C. § 636 (b)(1), this Court conducted a *de novo* review of the case. Having carefully reviewed the entire matter— including Plaintiff's objections and Defendant's response—the Court concludes the Findings and Recommendations are supported by the record and proper analysis. The ALJ applied the proper legal standards, and substantial evidence in the record supports the administrative decision. Although the evidence may be "susceptible to more than one rational interpretation," the Court must defer to the ALJ's interpretation. *See Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021) (citation omitted). Thus, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 26) are **ADOPTED**.
2. Plaintiff's motion for summary judgment (Doc. 20) is **DENIED**.
3. Defendant's request to affirm the administrative decision (Doc. 24) is **GRANTED**.
4. The Clerk of Court is directed to enter judgment in favor of Defendant Leland Dudek, Acting Commissioner of Social Security, and against Plaintiff Rosa Isela Rivera, and to close this case.

IT IS SO ORDERED.

Dated:  **March 12, 2025**

UNITED STATES DISTRICT JUDGE